UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

---------------------------------------------------------  X

**IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

**3:09-md-02100-DRH-PMF**

**MDL No. 2100**

---------------------------------------------------------

**Judge David R. Herndon**

**This Document Relates to:**

*Heather Bishop, et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:11-cv-10942-DRH-PMF[1]

*Paula Bruno, et al. v. Bayer Corporation, et al.* No. 3:12-cv-11521-DRH-PMF[2]

*Carmaletia L. Cruz, et al. v. Bayer Pharmaceuticals Corporation, et al.* No. 3:10-cv-12481-DRH-PMF[3]

*Jennifer Cruz v. Bayer Corporation, et al.* No. 3:11-cv-20161-DRH-PMF

*Keli Chase Mbaye v. Bayer Corporation, et al.* No. 3:10-cv-20269-DRH-PMF

*Donna Shirley v. Bayer Corporation, et al.* No. 3:09-cv-10119-DRH-PMF[4]

---

[1] This order applies to only plaintiff Tia Maxie.
[2] This order applies to only plaintiff Paula Bruno.
[3] This order applies to only plaintiff Carmaletia L. Cruz.
[4] Plaintiff a/k/a Donna Whitehorn.

**HERNDON, District Judge:**

## ORDER

This matter is before the Court on Bayer's motion, pursuant to Case Management Order 76 ("CMO 76") for an order dismissing the above captioned plaintiffs with prejudice for failure to submit a complete Claim Package as required under Section 5.02(A) of the Settlement Agreement. None of the above captioned plaintiffs has responded to the motion. Accordingly, the Court accepts as true the allegations in the pending motion to dismiss. Based on the record and the following, the motion to dismiss, as to each of the above captioned plaintiffs, is **GRANTED**.

In August 2015, Bayer and a committee of plaintiffs' counsel appointed by this Court in cooperation with the state court judges in the Pennsylvania, New Jersey and California coordinated proceedings negotiated a Settlement Agreement to resolve claims involving alleged arterial thromboembolism ("ATE") injuries ("ATE Resolution Program"). On August 3, 2016, the Court entered Case Management Order 76 ("CMO 76"), the ATE Settlement Implementation Order (MDL 2100 Doc. 3786).

The Settlement Agreement set forth the timing and procedure for Claimants to opt in to the ATE Resolution Program. Specifically, each Claimant wishing to opt in to the program was required to submit an Opt-In Form, which was attached to CMO 76 as Exhibit B. The Opt-In Form specifically provides, in relevant part, as follows: (1) The Claimant agrees to be bound by the terms of the

Settlement Agreement; (2) the Claimant acknowledges that the Claimant will not be eligible for an award and the Claimant's case (if one is filed) will be dismissed with prejudice if the Claimant does not submit a timely and complete Claim Package; (3) the Claimant makes certain acknowledgements with regard to the authority of the Special Master; and (4) the Claimant acknowledges the election to opt in to the settlement is irrevocable.

The Claim Package requirements, including applicable deadlines, are set forth in Section 5.02(A) of the Settlement Agreement (Exhibit A to CMO 76). Pursuant to Section 5.02(a), Claimants were required to submit a Claim Form, Claimant Authorization, Release, Stipulation of Dismissal, W-9, Wiring Instructions, and Prescription, Medical, and Event Records. Section 5.02(F) of the Settlement Agreement entitles Defendants to make a motion to dismiss Program Participants' cases with prejudice who fail to timely submit their Claim Package.

As outlined in Bayer's motion, each of the above captioned plaintiffs: (1) enrolled in the ATE Resolution Program; (2) failed to submit a complete Claim Package by the Claim Package Deadline; (3) received a Notice of Incomplete Claim from the Claims Administrator (per Section 5.02(H), informing Claimant that her Claim Package was incomplete and instructing the Claimant to cure the deficiency or seek relief prior to the deadline indicated in the Notice); (4) failed to cure the

Claim Package deficiency; and (5) received a notice from the Claims Administrator informing the Claimant that she did not qualify for an award.[5]

Accordingly, Bayer moves to dismiss the above captioned plaintiffs' claims, with prejudice, pursuant to Section 5.02(F) of the Settlement Agreement.

The Court finds that the above captioned plaintiffs failed to comply with the requirements of the Settlement Agreement. Accordingly, pursuant to the terms thereof, the above captioned plaintiffs' cases are subject to dismissal with prejudice.

The claims of the above captioned plaintiffs are **DISMISSED WITH PREJUDICE**. As to each of the above captioned actions, this order of dismissal closes the case.[6] **Further,** the Court **DIRECTS** the **CLERK OF THE COURT** to

---

[5] None of the above captioned plaintiffs requested an appeal from the Special Master by the deadline noted in their Notices.

[6] As to the following actions, this order of dismissal closes the case because the claims of all other plaintiffs were previously dismissed with prejudice (pursuant to orders and/or stipulations of dismissal):

- *Heather Bishop, et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:11-cv-10942-DRH-PMF

- *Paula Bruno, et al. v. Bayer Corporation, et al.* No. 3:12-cv-11521-DRH-PMF

- *Carmaletia L. Cruz, et al. v. Bayer Pharmaceuticals Corporation, et al.* No. 3:10-cv-12481-DRH-PMF

**ENTER JUDGMENT** in each of the above captioned actions.

**IT IS SO ORDERED.**

**Signed this 24th day of August, 2016.**

Digitally signed by
Judge David R. Herndon
Date: 2016.08.24
10:20:31 -05'00'

**United States District Judge**